# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

WILLIAM MITCHELL,     )
             )
             )
     Plaintiff,   )
             )
v.            )     CV620-045
             )
PAROLE BOARD, *et al.*,    )
             )
             )
     Defendants.  )

## REPORT AND RECOMMENDATION

Plaintiff, William Mitchell, brings this claim alleging violations related to his parole hearing. *See* doc. 1. He also seeks to proceed *in forma pauperis* (IFP). Doc. 4. As he has accumulated multiple strikes under the Prison Litigation Reform Act (PLRA), this case should be **DISMISSED**. The Court **VACATES** its prior order granting leave to proceed IFP, doc. 3, and instead **RECOMMENDS** that the motion to proceed IFP should be **DENIED**.

Under PLRA, an indigent prisoner is barred from proceeding IPF after filing three meritless actions, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This Court has already determined that plaintiff has accumulated at least three strikes.  *See Mitchell v. Palmer, et al.,* Case No. CV620-031.[1]

PLRA does provide an exception to this restriction if the prisoner is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk.  *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed.").  Plaintiff's claims are for fraud in his parole hearing.  There is no allegation, or even suggestion, in the complaint that plaintiff was in imminent danger of serious physical

---

[1] The Court determined that plaintiff's strikes consisted of "(1) <u>Mitchell v. Williams</u>, CV 617-057 (S.D. Ga. July 27, 2017) (dismissed for abuse of judicial process by failing to disclose prior litigation history); (2) <u>Mitchell v. Emanuel Probation</u>, CV 617-056 (S.D. Ga. July 27, 2017) (dismissed for abuse of judicial process by failing to disclose prior litigation history); and (3) <u>Mitchell v. Burse</u>, 1:16-cv-00199-LAG-TQL (M.D. Ga. Mar. 20, 2017) (dismissed for failure to state a claim); <u>see also Mitchell v. Emanuel Probation</u>, CV 618-043 (S.D. Ga. Aug. 20, 2018)(collecting strikes and dismissing case for accumulation of three strikes and abuse of judicial process by failing to disclose prior filing history.")  Each of those cases remain applicable here.

injury when he filed the complaint.  Thus, he fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

Finally, plaintiff was less than frank in filling out his complaint.  The form which he used requires him to describe whether he has brought any lawsuits in federal court dealing with facts other than those involved in this action.  Doc. 1 at 2.  If there are multiple cases, plaintiff is obligated to list them out on a separate form.  *Id.*  While plaintiff provided details on one other pending case, he failed to disclose the myriad others which he has filed.  This is an independent reason to dismiss his case.  *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation).  Dismissal as a sanction for selective disclosure is well established in this district, *See, e.g., Brown v. Wright*, Case No. CV111-044 (S.D. Ga. June 17, 2011); *Hood v. Tompkins*, Case No. CV605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).  Plaintiff failed to disclose his multiple federal lawsuits.  Therefore, even if plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice for his dishonesty.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The

document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 19th day of August, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA