IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIAM MITCHELL,

    Plaintiff,

v.

PAROLE BOARD, et al.;

    Defendants.

CIVIL ACTION NO.: 6:20-cv-45

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's August 20, 2020 Report and Recommendation, (doc. 8), to which Petitioner has filed objections, (doc. 9). Plaintiff had initially filed this complaint alleging various defects associated with a parole hearing. (Doc. 1). He was initially granted leave to proceed *in forma pauperis* (doc. 3). However, that order was vacated when it became apparent that plaintiff had failed to frankly answer a number of questions regarding his prior litigation history in his complaint form and that this action was subject to dismissal because he had three strikes. (Doc. 8.)

In his objections, petitioner challenges his obligation to be honest with the Court because much of the information which he failed to disclose in his forms is publicly available. (Doc. 9 at 1.) He complains that failure to disclose litigation history should not count as a strike, *id.*, and alleges that he is in clear and imminent danger because he has been stabbed, *id.* He goes on for several pages to discuss his grievances with regards to the conditions in his jail during the current pandemic. (Doc. 9.) Regardless of the circumstances or the new specific details about either plaintiff's stabbing or the current COVID-19 pandemic, none of plaintiff's allegations of serious

injury will be abrogated if plaintiff's claims in this lawsuit are not addressed.  Abdulla v. Migoya, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013).  As discussed in the Report and Recommendations, (doc. 8 at 2), the complaint related entirely to whether he was entitled to release and whether he had been treated fairly during his incarceration.  (See doc. 1 at 6 (discussing issues with probation officer, and potential halfway house).)

Independent of that however, is that Mitchell failed to disclose whether he has brought any lawsuits in federal court as he was required to in the form for his complaint.  See doc. 8 at 3.  He has done nothing beyond allege that his complaint is based on records to explain his failure to comply with the form's requirements.  Thus, even if plaintiff was not subject to dismissal on the basis of his three prior strikes (which he is), his case would still be dismissed for his dishonesty.  Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 8), and plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 20th day of December, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA